UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN HOMSTROM, derivatively on behalf of OFFICEMAX INC., ) ) ) Plaintiff, ) ) ) v. ) ) GEORGE J. HARAD, CHRISTOPHER C. ) MILLIKEN, THEODORE CRUMLEY, GARY ) J. PETERSON, BRIAN P. ANDERSON, ) WARREN GANGWAL, EDWARD E. ) HAGENLOCKER, GARY G. MICHAEL, ) A. WILLIAM REYNOLDS, FRANCESCA ) RUIZ DE LUZURIGAGA, JANE E. SHAW, ) CAROLYN M. TICKNOR, WARD W. ) WOODS, BRIAN C. CORNELL, DAVID M. ) SZYMANSKI, RICHARD R. ) GOODMANSON, DONALD S. ) MACDONALD, FRANK A. SCHRONTZ, ) MICHAEL FEUER, LEE FISHER, EDWIN J. ) HOLMAN, JERRY SUE THORNTON, ) BURNETT W. DONOHO, MICHAEL F. ) KILLEEN, IVAN J. WINFIELD, ) JACQUELINE WOODS, and ) OFFICEMAX INC. ) ) Defendants. ) | 05 C 4716 Judge George M. Marovich |

## MEMORANDUM OPINION AND ORDER

Plaintiff Glen Homstrom ("Homstrom") filed in the Circuit Court of Cook County Illinois a shareholder derivative complaint asserting state law claims against defendants George J. Harad, Christopher C. Milliken, Theodore Crumley, Gary J. Peterson ("Peterson"), Brian P. Anderson, Warren F. Bryant, Clair S. Farley, Rakesh Gangwal, Edward E. Hagenlocker, Gary G. Michael, A. William Reynolds, Francesca Ruiz de Luzuriaga, Jane E. Shaw, Carolyn M. Ticknor, Ward W. Woods, Brian C. Cornell, David M. Szymanski, Richard R. Goodmanson,

Donald S. MacDonald, Frank A. Schrontz, Michael Feuer ("Feuer"), Lee Fisher, Edwin J. Holman, Jerry Sue Thornton, Burnett W. Donoho, Michael F. Killeen, Ivan J. Winfield, Jacqueline Woods and OfficeMax Inc. Feuer removed the case to this Court, and Homstrom has filed a motion to remand the proceedings to state court. For the reasons set forth below, the Court grants the motion and remands the case to state court.

## I. Background

The parties disagree on whether this case belongs in state or federal court, and this is not the first time this case has been removed to federal court. Homstrom filed his state court complaint on April 25, 2005. On May 6, 2005, before Homstrom had effected service on any defendant, defendant Peterson removed the case to federal court pursuant to 28 U.S.C. § 1441. About thirty days later, Homstrom moved to remand. After briefing, Judge Aspen remanded the case to state court on August 11, 2005. By August 18, 2005, Feuer, another defendant, removed the case to federal court again, and this time it ended up before this Court.

For the reasons discussed below, the Court grants the motion and remands the case to the Circuit Court of Cook County.

## II. Discussion

### A. Plaintiff's motion to remand

Whether the case was properly removed or must be remanded is a matter of statutory interpretation, beginning with the removal statute. Chapter 28, § 1441 of the United States Code provides in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

> district court of the United States for the district and division embracing the place where such action is pending. . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441 (emphasis added).

Here, the case was removed on the grounds of diversity jurisdiction under 28 U.S.C. § 1332. The parties are completely diverse. Plaintiff Homstrom is a citizen of New Jersey. No defendant is a citizen of New Jersey. The other named plaintiff, OfficeMax, is considered a defendant in this shareholder derivative suit. *Weinstein v. Schwartz*, 422 F.3d 476, 478 (7th Cir. 2005). It is a citizen of Delaware and Illinois. *TIG Ins. Co. v. Reliable Research Co.*, 334 F.3d 630, 634 (7th Cir. 2003) ("[C]orporations have the citizenship of both their state of incorporation and the state where their principal place of business is located.") (citing 28 U.S.C. § 1332(c)(1)). Accordingly, the parties are completely diverse.

But *removal* of a case to federal court (as opposed to filing a case in federal court) based on diversity jurisdiction is not as simple as establishing complete diversity among the parties. The removal statute adds an additional wrinkle, generally known as the forum defendant rule. A diversity case is removable "only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). The purpose of the forum defendant rule is "to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal

forum to prevent prejudice to an out-of-state party." *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377, 380 (7th Cir. 2000).

Although complete diversity exists in this case, two defendants in this case are forum defendants, i.e., citizens of the state of Illinois. This brings up the question of whether a non-forum defendant can get around the forum defendant rule by removing the case to federal court *before* the plaintiff serves the forum defendant. The plain language of the statute (which says the case is removable only if none of the parties "joined and served" is a forum defendant), suggests that it can remove the case before the forum defendant is served, and this has been the conclusion of many courts who have considered the issue. *In re Bridgestone/Firestone, Inc.*, 184 F. Supp.2d 826, 828 (S.D. Ind. 2002) (rejecting argument that existence of unserved forum defendant precluded removal and stating "[s]ection 1441(b) would have precluded removal, however, only if [the forum defendant] had been *properly served*, and it had not been served at the time [another defendant] filed the removal petition. That it ultimately was served does not affect the propriety of removal."); *Maple Leaf Bakery v. Raychem Corp.*, Case No. 99 C 6948, 1999 WL 1101326 at *2 (N.D. Ill. Nov. 29, 1999) ("The plain language of § 1441(b), particularly in light of the 1948 amendment inserting the language 'and served', precludes removal on the basis of the presence of resident defendants only when those defendants were properly joined and served at the time of removal.").

This case is different than *Maple Leaf* and *In re Bridgestone/Firestone*, however, because a non-forum defendant is attempting to remove the case before *any* defendant (including the removing defendant) has been served. The issue before this Court is how soon after a suit is filed may a non-forum defendant (or any defendant for that matter) remove a case to federal

court. Although the Seventh Circuit has not answered this question directly, the plain language of the relevant statute (particularly in light of Seventh Circuit and Supreme Court decisions interpreting the language) lead the Court to conclude that this defendant filed a notice of removal prematurely. The relevant statute reads:

> The notice of removal of a civil action or proceeding shall be filed *within* 30 days *after* the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or *within* 30 days *after* the service of summons upon the defendant if such initial pleading has then been served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

The plain language of the statute is that the notice of removal can be filed only *after* the event triggering removal. *See* 28 U.S.C. 1446(b) ("The notice of removal of a civil action or proceeding *shall* be filed within 30 days *after* the" event triggering removal.). This interpretation is consistent with the Seventh Circuit's interpretation of the nearly identical language in Rule 4 of the Federal Rules of Appellate Procedure.[1] Defendant argues that it can remove a case even before it is served and argues that the Seventh Circuit blessed the practice in *Boyd v. Phoenix Funding Corporation*, 366 F.3d 524, 529 -530 (7th Cir. 2004). The Court thinks defendant's reading of *Boyd* is a slight reach. In *Boyd*, the Seventh Circuit merely noted that there was no dispute that one of the defendants had timely filed its notice of removal after

---

[1]Rule 4 of the Federal Rules of Appellate Procedure provides that a notice of appeal "must be filed . . . within 30 days *after* the" order or judgment being appealed. When a notice of appeal is filed too early, the appellate court lacks jurisdiction. *United States v. Torres*, 142 F.3d 962, (7th Cir. 1998). (Rule 4(B)(I) provides an exception under certain circumstances. The removal statute provides no exceptions.)

"otherwise" receiving a copy of the complaint. It did not say a defendant could remove a case before it "otherwise" received a complaint.

Under the removal statute, the event which triggers the time for filing a notice of removal is "the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim" or "service of summons upon the defendant if such initial pleading has then been served on the defendant". The inclusion of the language "through service or otherwise" might lead a defendant anxious to be in federal court to argue that it can (1) wait at the courthouse until a complaint is filed, (2) "otherwise" obtain a copy from the clerk and then (3) remove the case before the plaintiff has a chance to serve any forum defendant. This, however, is not how the Supreme Court has interpreted "through service or otherwise." In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999), the Supreme Court explained that the reason Congress changed the language of the statute from "after commencement of the action or service of process" to "after receipt by the defendant, through service or otherwise, of a copy of the initial pleading" was because the old language (in combination with certain states' service rules) could have required a defendant to remove a case before it ever received a copy of the complaint. Thus, the Supreme Court interpreted the statute to establish four possible removal triggers:

> First, if the summons and complaint are served together, the 30-day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

*Murphy*, 526 U.S. at 354.

Accordingly, the Court concludes that a defendant can file a notice of removal only after one of the removal-triggering events the Supreme Court outlined in *Murphy*. Each of those events requires the service of a summons. Because Feuer (the defendant who removed the case to this Court) removed the case before he was served with a summons, his removal was premature. Thus, the Court remands the case to the Circuit Court of Cook County.

**B.  Plaintiff's motion for fees**

Homstrom has also requested its fees and costs pursuant to 28 U.S.C. § 1447(c), which states that a court "may require the payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." Because the Court finds that defendant provided a reasonable basis for removal, it declines to awards fees. See *Hahn v. PepsiCo., Inc.*, Case No. 04 C 4493, 2004 WL 2600129 at * 5 (N.D. Ill. Nov. 10, 2004).

**IV.  Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for remand and hereby remands the case to the Circuit Court of Cook County. The Court declines to award fees or costs. Finally, because the Court lacks jurisdiction, all other pending motions are denied.

        ENTER:

        */s/ George M. Marovich*
        George M. Marovich
        United States District Judge

DATED: September 7, 2006